hAMY, J.,
concurring.
I concur with the majority opinion and write separately in order to emphasize that the plaintiffs’ receipt' of Mrs. Mouton’s medical records commenced the running of prescription rather than any information obtained from an attorney. Although the lower court discussed the plaintiffs’ visit with legal counsel in considering the commencement of prescription, “[i]t is not necessary that an attorney or a physician inform the plaintiff of the existence of a medical malpractice cause of action.” Abrams v. Herbert, 590 So.2d 1291, 1296 (La.App. 1 Cir.1991). Rather, the record in the present case indicates that the plaintiffs’ acquired sufficient knowledge prior to any such visit.
Further, I note that the defendant maintains that the plaintiffs’ survival action is controlled by the one-year peremptive pe *80 riod of La.Civ.Code art. 2315.1 rather than the prescriptive/peremptive periods of La. R.S. 9:5628. In Taylor v. Giddens, 618 So.2d 834 (La.1993), the Louisiana Supreme Court concluded that a survival action that stems from an act of medical malpractice is derivative of the malpractice and is linked to the alleged tortious conduct of the underlying matter. Id. With regard to the applicable delay period, the court stated as follows:
I ¡¡The action is based upon the victim’s right of recovery being transferred by operation of law to the beneficiary ... The action is dependent upon the victim having a viable malpractice action on the date of death and must be filed within one year of the malpractice victim’s death but, nevertheless, within the three year outward limit of LSA-R.S. 9:5628. Thus, the provisions of LSA-R.S. 9:5628 give[ ] malpractice victims and claimants and survival action claimants a definitive period in which to file suit.
Id. at 840 (citations and footnote omitted). Thus, in my opinion, the defendant’s argument with regard to the applicability of 2315.1 is without merit.